UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MECHELLE CALLAIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2105** |
| **SHELL OIL COMPANY, ET. AL** | **SECTION: "C" (5)** |

**ORDER AND REASONS**[1]

Before the Court is a Motion for Summary Judgment, filed by Defendant, Shell Oil Company ("Shell"). (Rec. Doc. 27). Also before the Court is Defendant, Alford Services' ("Alford")Motion for Partial Summary Judgment. (Rec. Doc. 28). Plaintiff Mechelle Callais ("Callais") opposes both motions. (Rec. Docs. 30 & 31). Having reviewed the memoranda of the parties, the record in the case, and the applicable law, the Court GRANTS Defendant, Shell's, motion for summary judgment, and GRANTS Defendant, Alfron's, motion for partial summary judgment, for the following reasons.

**I. BACKGROUND**

Alford, a contract company which provided safety and emergency services at the Shell Refinery ("the Refinery") in Norco, St. Charles Parish, Louisiana, employed Callais as an emergency medical technician ("EMT"). (Rec. Doc. 27-2 at 3). Through this employment, Callais worked as a contract EMT at the Refinery on August 22, 2006. *Id.* at 2; (Rec. Doc. 1-1 at 1).

In Spring 2007, Callais alleges that she began to experience sexual harassment at the Refinery from several male supervisors and co-workers. (Rec. Doc. 1 at 4). This sexual harassment allegedly involved physical and verbal harassment -- including physical touching of her breasts,

---

[1]Natasha Manuel, a third year student at Loyola University New Orleans College of Law, assisted in the preparation of this order.

1

vagina, other areas of her body, as well as sexual propositioning and exposure of their genitalia to Callais. *Id.*

Callais filed an Equal Employment Opportunities Complaint ("EEOC") for Title VII violations for sexual harassment and hostile working environment against Alford, Shell, and Malcolm Troxclair. *Id.* at 7. Additionally, she filed claims under the "Employment Discrimination Act," 42 U.S.C. § § 1983 and 1985, and "under state law for conversion, 'malicious actions,' and abuse of process." (Rec. Doc. 1 at 7-8). Following her sexual harassment report, Alford drug tested and on seven different occasions filed violations against Callais. (Rec. Doc. 1-1). Eventually, Robbie Robinson, Shells' Head Sight Supervisor, informed Callais that she would be replaced. *Id.* Her employment was later terminated. (Rec. Doc. 1 at 5).

## II. LAW & ANALYSIS

### a. Summary Judgment Standard

Summary judgment is proper when the record indicates that there is no "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact ." *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). To satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

Here, Shell argues that it is entitled to recovery because Shell did not act as Callais' employer, hence, Callais cannot receive protection under Title VII. (Rec. Doc. 27-1 at 5). Shell also argues for recovery because of its status as a private corporation, making Callais' 42 U.S.C. § 1983 inapplicable. *Id.* at 9. Shell also emphasizes that because there has neither been conspiracy nor race-based discrimination, as required by 42 U.S.C. § 1985, Callais cannot prevail on this claim. *Id*. Additionally, Alford argues that it is entitled to partial summary judgment with regards to Callais' claims under 42 U.S.C. §§ 1983 and 1985 for the same reasons as Shell. (Rec. Doc. 28-1 at 2). Callais, on the other hand, argues that the presence of disputed material facts as to her employer-employee status with Shell renders this case unfit for summary judgment under Rule 56. (Rec. Doc. 34 at 4).

**b. Classification of Defendant Shell as Employer of Callais**

Callais alleges that Shell served as her employer, and thus she may bring claims under Title VII against Shell. (Rec. Doc. 1 at 6). To prevail on a Title VII claim against Shell, Callais must prove Shell was her employer. 42 U.S.C. 2000-e(a). Shell does not dispute Callais' allegations of sexual harassment, but does argue that it did not act as Callais' employer at any point during her work at the Refinery.

Factors which this court has used to determine status as an employee under Title VII include:

(1) Ownership of the equipment necessary to perform their job; (2) responsibility for costs associated with operating that equipment and for license fees and taxes; (3) responsibility for obtaining insurance; (4) responsibility for maintenance and operating supplies; (5) ability to influence profits; (6) length of job commitment; (7) forms of payment; and (8) directions on schedules and performing work.

Additional relevant factors include: (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) the manner in which the work relationship is terminated; i.e., by one or both parties, with or without notice and explanation; (4) whether annual leave is afforded; (5) whether the work is an integral part of the business of the "employer;" (6) whether the worker accumulates retirement benefits; (7) whether the "employer" pays social security taxes; and (8) the parties' intention.

*Cole v. Venture Transport, Inc.,* 2000 WL 3345743 (E.D. La., 2000). These factors make up the "economic realities" test, which looks to the "right to control" as the most important factor in determining employment status. *Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158, 1160 (5th Cir. 1986). If the employer controls most of the above factors, the worker will be considered a protected employee under Title VII. *Id.* No individual factor is determinative, though. *Id.* at 1158.

In *Broussard v. L.H. Bossier* the court found that Bossier did not act as an employer under Title VII because Bossier withheld no social security or taxes from Broussard; Broussard had responsibility over her equipment, including gas and oil; Broussard received no employment benefits from Bossier; and Bossier did not pay Broussard directly, instead paying the trucking company, which in turn paid Broussard. *Id.* at 1161. Additionally, the trucking company, and not Bossier, provided the trucks which the Broussards used at the site. *Id.* Bossier did not supervise or direct the actions of Broussard. *Id.* For these reasons, Bossier had little control over Broussard, which indicated that Bossier did not have an employer-employee relationship with Broussard. *Id.* Thus, the court held that Bossier did not serve as Broussard's employer according the economic realities test and the additional factors noted above. *Id.* Therefore, Broussard received no protection by Title

4

VII against Bossier. *Id.*

Similarly, in the case at hand, the economic realities test and the additional factors can be used to determine whether Callais served as an employee of Shell. The characteristics of the Shell-Callais employer-employee relationship parallels that of the Bossier-Broussard employment relationship in *Broussard*. First, like the defendant in *Broussard*, which did not participate in the decision to hire Broussard, Shell did not did not hire, have an employment contract with, or directly compensate Callais for her services, nor did Shell provide employment benefits to Callais. (Rec. Doc. 27-4 at 2). While Callais disputes this allegation, Callais presents no evidence to show that Shell had input in hiring her. (Rec. Doc. 30-1 at 1). Second, like in *Broussard,* Callais does not deny that Shell did not maintain employment records or withhold taxes or social security from compensation received by Callais. *Id.* at 2. Callais, in fact, acknowledged in her complaint that she worked for Shell "through Alford," indicating her status as an employee of Alford, not Shell. (Rec. Doc. 1 at 4). Third, Callais argues that "the legislature has emphasized that statutory employment status was not to be determined by whether a core, business function was being accomplished . . ." (Rec. Doc. 30 at 4). As in *Broussard,* the court evaluated whether "the work [was] an integral part of the business of the employer," finding that the truck driving by the plaintiff was not an integral part of the defendant's business. *Broussard,* 789 F.2d at 1160. While this factor was not solely determinative of employer-employee status, it strengthened the argument that Bossier did not act as an employer to Broussard. *Id.* Similarly, Callais's work as an EMT did not serve as an integral part of Shell's oil business, which allows for this factor to strengthen the various others which indicate that Shell did not act as Callais' employer. *Id.*

The additional factors listed contribute in finding that Callais did not serve as an employee of Shell. Callais provides no evidence to show that Shell supervised Callais' EMT services. (Rec. Doc. 1 at 4-5). Callais' role at the refinery as an EMT does not appear to require supervision, as her

occupation as an EMT involved specialized skills which the Refinery supervisors would likely have not possessed. Additionally, Callais merely claims that she informed two supervisors about the incidents of sexual harassment, yet fails to state that she reported to "her" supervisor, further indicating that she had no supervisor assigned to oversee her role as an EMT at the Refinery. *Id.*

Furthermore, with regards to the factor of hiring and firing, despite the fact that Callais argues in her opposition that a Shell employee informed her that she would not be permitted on the premises, no where in her pleadings or motions does Callais deny Shell's allegation that Alford, her employer, officially terminated her employment. (Rec. Doc. 31 at 5). Therefore, for the reasons above, Shell did not act as an employer to Callais, and Callais cannot attain Title VII protection against Shell.

### c. Shell's Remaining Arguments for Summary Judgment

In its motion for summary judgment, Shell also addresses Callais' Section 1985, Section 1983, conversion and malicious prosecution claims. (Doc. 27-1 at 9-10). Section 1985 address the conspiracy to interfere with civil rights, including: preventing an officer from performing their duties, "obstructing justice," and "depriving persons of rights or privileges." 42 U.S.C. § 1985. Section 1985 requires that facts be provided to show conspiracy and "conduct that directly affects parties, witnesses or grand or petit jurors." *Nealy v. Hamilton,* 837 F.2d 210 (5th Cir. 1988). ". . . [T]his court has limited cases brought by Section 1985(3) to those allegedly racial or class-based animus." *Kimble v. D.J. McDuffy, Inc.,* 648 F.2d 340 (5th Cir. 1981). Section 1983 creates a cause of action against "every person who, under color of any [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "As a general rule, '[s]ection 1983 does not . . . prohibit the conduct of private parties acting in their

6

individual capacities." *Le v. Atrium at Lafreniere, LLC,* 2008 WL 1867419 (E.D. La., 2008).

Shell alleges that Callais does not have a claim under Section 1985 because: (1) the mere allegation without factual evidence made by Callais proves insufficient for a claim of conspiracy, an essential element to Section 1985; and (2) because according to Exhibit 2, Callais confirms that she did not experience race-based discrimination, another prerequisite for a Section 1985 violation. (Rec. Doc. 27-1 at 9). Shell also states that Callais' claim of conversion could not prevail because Shell "did not interfere with any movable property owned or possessed by Callais." (Rec. Doc. 27-1 at 10)(citing Rec. Doc. 27-2 at 3). Lastly, Shell states that Callais has no claim for malicious prosecution or abuse of process because Shell never initiated legal proceedings against Callais, and Callais failed to provide evidence to suggest otherwise. *Id.* These assertions shifted the burden to Callais to respond, yet, in her opposition to Shell's motion for summary judgment, Callais failed to provide evidence that material issues of fact as to her claims of Section 1985, Section 1983, conversion or malicious acts remained. (Rec. Doc. 31). Therefore, the court deems these claims waived. Shell's motion for summary judgment is GRANTED.

### d. Alford's Motion for Partial Summary Judgment

Alford's motion for partial summary judgment only addresses the issue of Callais' § 1983, § 1985, conversion and "malicious acts," claims. *Id.* Alford alleges that Callais does not have a claim under Section 1985 because: (1) Callais failed to provide insufficient for a claim of conspiracy, an essential element to Section 1985; and (2) because Callais states that she did not experience race-based discrimination, another requisite for a Section 1985 violation. (Rec. Doc. 28-1 at 2). Alford argues that Callais' conversion claim must fail, as Callais provides no evidence that Alford "interfered with Callais' possession or ownership of any movable property." *Id.* Lastly, Alford states that Callais has no claim for malicious prosecution or abuse of process because Alford

7

never initiated legal proceedings against Callais, and "in fact, Callais initiated this proceeding." *Id.* As Plaintiff again failed to address these claims in her Memorandum in Opposition to Alford's Motion for Partial Summary Judgment, the Court deems these claims waived for the same reasons as those listed in Section(c) above. Therefore, partial summary judgment is GRANTED in favor of Defendant, Alford.

### III. Conclusion

Accordingly,

IT IS ORDERED that Defendant Shell Oil Company's Motion for Summary Judgment is GRANTED and all of Plaintiff's claims against Shell Oil Company are DISMISSED.

IT IS FURTHER ORDERED that Defendant Alford Services' Motion for Partial Summary Judgment is GRANTED and Plaintiff's 42 U.S.C. § 1983, 42 U.S.C. § 1985, conversion, malicious actions and abuse of process claims against Alford are DISMISSED.

New Orleans, Louisiana, this 8th day of August, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE